## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| _____Debtor._____ | : | |
| | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA, LLC, DEBTOR, | : : : | |
| | : | |
| Plaintiff, | : | |
| V. | : | Adv. Pro. No. |
| | : | |
| PETER DOMINIC ANZO, CHRISTINE ANZO, PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : : : : | |
| | : | |
| _____Defendants._____ | : | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS, COMPEL TURNOVER OF PROPERTY, AND FOR EQUITABLE AND OTHER RELIEF

Plaintiff S. Gregory Hays, as Chapter 7 Trustee ("Plaintiff" or "Trustee") for the Estate (the "Estate") of LaPrade's Marina, LLC, Debtor ("Debtor") in the above captioned Bankruptcy Case (the "Bankruptcy Case"), by and through counsel, hereby files this *Complaint to Avoid and Recover Transfers, Compel Turnover of Property, and for Equitable and Other Relief* (the "Complaint") against Defendants Peter Dominic Anzo, Christine Anzo, Performance Consulting Partners, LLC ("PCP"), and John Does 1-10 (collectively and individually, the "Defendants") and alleges upon knowledge, information, and belief as follows:

### NATURE OF ACTION

1.     This adversary proceeding (the "Adversary Proceeding") is commenced against former insiders of the Debtor and related persons and entities to: (a) avoid and recover certain transfers of property or interests of the Debtor from one or more of the Defendants herein or from any other person or entity for whose benefit the transfers were made; (b) compel the turnover of

property of the Estate; (c) recover damages for conversion, breach of fiduciary duty, aiding and abetting or procuring breach of fiduciary duty, and unjust enrichment; and (d) obtain an accounting from each of the Defendants herein and other relief as set forth herein.

**JURISDICTION AND VENUE**

2.      The statutory and legal predicates for the relief sought herein are sections 105, 541, 542, 544, 547, 548, 549, 550, and 551 of chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), O.C.G.A §§ 13-6-11, 18-2-74, 18-2-75, and 51-12-30, Rules 6002, 7001, and 7004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and any other applicable law.

3.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157.

4.      This Adversary Proceeding arises out of and relates to the Bankruptcy Case and is a "core" proceeding within the meaning of 28 U.S.C. § 157 to be heard and determined by this Court.

5.      This Court may enter final orders or judgments in this Adversary Proceeding.

6.      Venue over this Adversary Proceeding resides in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      This Court has jurisdiction over the Defendants pursuant to Rule 7004 of the Bankruptcy Rules.

**PROCEDURAL BACKGROUND AND PARTIES**

8.      On April 6, 2015 (the "Petition Date"), the Debtor, a Georgia limited liability company, filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2

9.      Defendant Peter Anzo signed the bankruptcy petition of the Debtor in this Bankruptcy Case in his capacity as the manager and party in control of the Debtor and thereby commenced this Bankruptcy Case on behalf of the Debtor.

10.     On November 17, 2016, the Court entered an order denying Debtor's motion to dismiss the Bankruptcy Case and granted a motion to convert the Bankruptcy Case to Chapter 7 [Dkt. No. 232].

11.     After the United States Trustee initially sought the appointment of an interim Chapter 7 Trustee on November 18, 2016, the United States Trustee filed its "Report of Undisputed Chapter 7 Trustee Election" on February 10, 2017, [Dkt. No. 263] wherein the United States Trustee reported that S. Gregory Hays was elected as Trustee in the Bankruptcy Case in an undisputed election that was held at the 341 meeting of creditors on February 6, 2017.

12.     Neither the principal of the Debtor, Defendant Peter Anzo, nor any other representative of the Debtor appeared to testify at the initial section 341 meeting of creditors. Due to the absence of Defendant Peter Anzo, the section 341 meeting of creditors was reset several times incident to Docket Nos. 264, 272, and 276.

13.     In an attempt to obtain further information to assist in the administration of the Estate, the Trustee has, among other things, filed a *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of Peter Anzo Individually and as Either a Former Representative or Principal of the Debtor and Directing the Production of Documents* (Dkt. No. 282, the "2004 Exam Motion of Peter Anzo").

14.     The 2004 Exam Motion of Peter Anzo was granted by the Court and the United States Trustee agreed that the reset 341 meeting of creditors could be may be rescheduled at the same time and location as the 2004 examination of Peter Anzo.

3

15.      On July 11, 2017, Mr. Anzo, without any prior notice to the Trustee, appeared at the rescheduled section 341 meeting; however, he refused to answer any questions posed by the Trustee or his counsel, asserting his privilege against self-incrimination pursuant to the Fifth Amendment of the Constitution of the United States of America. Mr. Anzo and his counsel made clear to the Trustee that Mr. Anzo would not answer any questions or provide any information to the Trustee on that basis.

## THE PARTIES

16.      S. Gregory Hays remains the duly appointed and acting permanent Chapter 7 Trustee in the Bankruptcy Case.

17.      The Plaintiff has standing and the right and power to: (a) avoid and recover any transfer of an interest or property of the Debtor or any obligation of the Debtor that may be voided; and (b) assert the claims and seek the relief requested herein.

18.      Defendant Peter D. Anzo is a citizen and resident of the State of Georgia who resides at 102 Bristol Lane, Clayton, Georgia 30525, which is located within this District, and may be served with this Complaint at that address.

19.      On November 25, 2014, Defendant Peter Anzo filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, commencing Chapter 7 Case No. 14-22766 with the United States Bankruptcy Court for the Northern District of Georgia. On September 29, 2015, Defendant Peter Anzo was granted a discharge by the Bankruptcy Court for all debts arising on or before November 25, 2014 (the "Anzo Discharge Date").

20.      This Complaint seeks damages and other relief from Mr. Anzo from and after the Anzo Discharge Date only and nothing in this Complaint is intended to, nor should be construed

4

as, seeking relief against Peter Anzo from prior to the Anzo Discharge Date or otherwise in violation of the Anzo Discharge Order.

21.     Upon information and belief, at all relevant times hereto, Defendant Peter Anzo: (a) held a majority membership interest in the Debtor; (b) served as the manager of the Debtor; and/or (c) was a person in control of the Debtor.

22.     Upon information and belief, at all relevant times hereto, Defendant Peter Anzo owed fiduciary duties to the Debtor.

23.     Pursuant to 11 U.S.C. § 101(31), at all times relevant hereto, Defendant Peter Anzo was an insider of the Debtor.

24.     Defendant Christine Anzo is a citizen and resident of the State of Georgia who resides at 102 Bristol Lane, Clayton, Georgia 30525, which is located within this District, and may be served with this Complaint at that address.

25.     Upon information and belief, at all relevant times hereto, Defendant Christine Anzo was married to and a relative of Peter Anzo.

26.     Upon information and belief, at all relevant times hereto, Defendant Christine Anzo: (a) was familiar with and managed the operations and business affairs of the Debtor; (b) was the primary user of the computer systems and records of the Debtor; (c) had access to and maintained the accounts, files and business records of the Debtor; (d) was aware of payables of the Debtor; and (e) was aware that Peter Anzo owed fiduciary duties to the Debtor.

27.     Pursuant to 11 U.S.C. § 101(31), at all times relevant hereto, Defendant Christine Anzo was an insider of the Debtor.

28.     At all times relevant hereto, at least one of the Defendants was an agent of the Debtor under applicable law responsible for maintaining the property of the Debtor.

29.    Defendant PCP is a Delaware Limited Liability Company authorized to conduct business in the State of Georgia and may be served with this Complaint through its registered agent in the State of Georgia, Peter D. Anzo, at 102 Bristol Lane Clayton, Georgia 30525.

30.    John Does 1 through 10 are individuals or entities who may have received avoidable transfers or who are in possession, custody and control of property of the Estate, but whose identities have been hidden or concealed from the Trustee and are currently unknown to the Trustee.

31.    Defendants are subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004 and any other applicable law at 102 Bristol Lane, Clayton, Georgia 30525.

## FACTUAL BACKGROUND

### A. The Boat Rental Business at the Marina

32.    Prior to the Petition Date, the Debtor owned and operated a marina located on certain real property in Clarksville, Rabun County, Georgia on Lake Burton (the "Marina") that included a full service marina facility, restaurants, other amenities, and a rental boat fleet (the "Debtor's Boats").

33.    Upon information and belief, the boat rental business at the Marina produced substantial revenue.

34.    During the Chapter 11 case of the Debtor and prior to the appointment of the Trustee, Mr. Anzo appeared for an examination and was questioned by counsel for one of the secured creditors of the Debtor.

35.    Pursuant to prior testimony by Peter Anzo, PCP began serving as the management company of the Debtor in early 2014. Peter Anzo has further testified that he: (a) is the manager

6

of PCP; and (b) received a monthly seasonal salary from PCP in the amount of $2,500. Although Peter Anzo has also alleged that PCP is purportedly owned by a Wyoming Trust named Terret Investments ("Terret") and that Phil Greenblatt is the principal of Terret, Peter Anzo has failed to produce adequate documentation to the Trustee with regard to his relationship to Terret or PCP.

36.     Upon information and belief, at least one of the Defendants decided at some point prior to the Petition Date to usurp the boat rental business from the Debtor for the benefit of one or more of the Defendants by transitioning the business to PCP.

37.     Rather than conducting and documenting a sale of the boat rental business at the Marina or building a company to compete with the existing boat rental business of the Debtor, Defendant Peter Anzo simply determined prior to the Petition Date that: (a) the Debtor would no longer operate the boat rental business at the Marina; and (b) the boat rental business would be transitioned to PCP, a party related to the Peter Anzo.

38.     Upon information and belief, Peter Anzo purportedly "retired" the Debtor's Boats and the related boat rental business of the Debtor at the Marina and simply began operating a "new" boat rental business at the Marina through PCP.

39.     Upon information and belief, the PCP boat rental business at the Marina functioned in substantially the same manner as the boat rental business of the Debtor at the Marina, including, but not limited to, by using slips at the Marina, continuing to use the employees of the Debtor, primarily Peter Anzo and Christine Anzo, and maintaining business offices at the same location as the Debtor at the Marina.

40.     Upon information and belief, the boat rental business of PCP at the Marina used substantially the same systems and procedures as the Debtor.

7

41.     Upon information and belief, the boat rental business of PCP also used some of the Debtor's Boats.

42.     After the Anzo Discharge Date, Mr. Anzo, appeared on the dock used in the Debtor's business and removed the Debtor's Boats.

43.     Although Peter Anzo has asserted that at least one of the Debtor's Boats was purportedly sold to PCP, the Trustee has yet to receive adequate documentation or information with regard to: (a) any sale or transfer of any of the Debtor's Boats; (b) whether PCP actually owns the boats in its current rental fleet; (c) the whereabouts of all of the Debtor's Boats; or (d) the disposition of the interest of the Debtor in the boat rental business at the Marina.

44.     Upon information and belief, Defendant Christine Anzo managed the boat rental business of the Debtor and assisted and aided Defendant Peter Anzo in transitioning the boat rental business of the Debtor to PCP to the detriment of the Debtor.

45.     No information about the transition of the boat rental business to PCP or any disposition of the Debtor's Boats was disclosed when the Debtor filed bankruptcy.

46.     Upon information and belief, the Defendants have intentionally failed to disclose information about the transition of the boat rental business of the Debtor at the Marina and the disposition of the Debtor's Boats.

**B. Inadequate Disclosures and Production**

47.     The Statement of Financial Affairs (the "SOFA") filed by the Debtor fails to disclose, among other things, that: (a) the historical annual boat rental income of about $300,000 for 2011-2014; (b) the Debtor still owned at least 8 of the Debtor's Boats as of the Petition Date; or (c) PCP was operating the boat rental business after the Petition Date and that the Defendants

were continuing to receive benefit as a result of such operations. The Defendants have failed to produce sufficient information to the Trustee to address such issues.

48.     Upon information and belief, the Defendants have failed to produce and account for all records and property of the Debtor.

**C. Transfers**

49.     The SOFA sets forth numerous transfers by the Debtor to Christine Anzo during the year prior to the Petition Date, April 6, 2014 through April 6, 2015 (the "Preference Period").

50.     During the Preference Period, Defendant Christine Anzo received payments in an aggregate amount of not less than $163,498.11 (the "Christine Anzo Transfers"). The details of each of the Christine Anzo Transfers are set forth on **Exhibit A** attached hereto and incorporated by reference.

51.     Upon information and belief, the Debtor was insolvent at the time of each of the Christine Anzo Transfers.

52.     Upon information and belief, to the extent that any Christine Anzo Transfers were not on account of an antecedent debt, the Debtor did not receive reasonably equivalent value in exchange for such transfers.

53.     During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period or four (4) years prior to the Petition Date. To the extent that the Trustee discovers the existence of additional transfers to one or more of any of the Defendants or their related entities, Plaintiff intends to avoid and recover all transfers of property or an interest of the Debtor to or for the benefit of any of the Defendants during the four (4) years prior to the Petition Date. This Complaint is not limited to the Christine Anzo Transfers disclosed as part of the defined term.

**D. Reservation of Rights**

54.      The Plaintiff reserves the right to amend this original Complaint, including, but not limited, to: (a) include further information regarding the Christine Anzo Transfers or any other transfers of property of the Estate; (b) include additional transfers; (c) include modifications of and/or revision to the name of the Defendants; (d) name and serve John Does 1 – 10 as they may be identified during the course of discovery in this case; and/or (e) include additional causes of action that may become known to Plaintiff at any time during this Adversary Proceeding, through discovery or otherwise. Any amendments to this Complaint shall relate back to this original Complaint.

## FIRST CAUSE OF ACTION
### (Avoidance of Christine Anzo Transfers – 11 U.S.C. §§ 544, 547, 550, and 551)

55.      Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 54 of this Complaint as though fully set forth in this cause of action.

56.      Christine Anzo is an insider of the Debtor.

57.      The Debtor made each of the Christine Anzo Transfers within the year immediately preceding the Petition Date to, or for the benefit of, at least one of the Defendants.

58.      Each of the Christine Anzo Transfers constitutes a transfer of an interest of property of the Debtor.

59.      Each of the Christine Anzo Transfers was to, or for the benefit of, a creditor of the Debtor.

60.      The Debtor made each of the Christine Anzo Transfers for or on account of an antecedent debt that was owed by the Debtor prior to the date of the Christine Anzo Transfers.

61.      Each of the Christine Anzo Transfers was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code,

Plaintiff is entitled to the presumption of insolvency for each of the Christine Anzo Transfers made during the Preference Period.

62.     Each of the Christine Anzo Transfers was made during the Preference Period.

63.     Each of the Christine Anzo Transfers enabled Christine Anzo to receive more than such she would have received if: (a) the Bankruptcy Case was administered under Chapter 7 of the Bankruptcy Code; (b) the Christine Anzo Transfers had not been made; or (c) Christine Anzo had received payment of the debt owed by the Debtor to the Defendants to the extent allowable pursuant to the Bankruptcy Code.

64.     Christine Anzo was the initial transferee of the Christine Anzo Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Christine Anzo Transfers were made.

65.     Based on the foregoing, each of the Christine Anzo Transfers constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Christine Anzo Transfers for the benefit of the Estate of the Debtor.

66.     Based upon the foregoing, Plaintiff is entitled to an order and judgment against Christine Anzo: (a) avoiding the Christine Anzo Transfers under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Christine Anzo Transfers or the value of the Christine Anzo Transfers under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

11

## SECOND CAUSE OF ACTION
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. §§ 544, 548, 550, and 551 – as to the Christine Anzo Transfers)

67.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 66 of this Complaint as though fully set forth in this cause of action.

68.     The Debtor made the Christine Anzo Transfers to or for the benefit of Christine Anzo within the two years immediately preceding the Petition Date.

69.     Each of the Christine Anzo Transfers was made by the Debtor and constitutes a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

70.     Upon information and belief, the Debtor received no direct benefit from each of the Christine Anzo Transfers.

71.     Each of the Christine Anzo Transfers was made with the actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, indebted on or after the date that each of the Fraudulent Conveyances was made or such obligation was incurred by the Debtor.

72.     In the alternative, the Debtor received less than reasonably equivalent value in exchange for each of the Christine Anzo Transfers and the Debtor:

a.      was insolvent on the dates that the Christine Anzo Transfers were made or such obligations were incurred, or became insolvent as a result of the Christine Anzo Transfers or the related obligations;

b.      was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital;

c.     intended to incur, or believed that the Debtor would incur, debts that would be beyond
       the ability of the Debtor to pay as such debts matured; or

d.     made the transfer to or for the benefit of an insider, or incurred such obligation to or
       for the benefit of an insider, under an employment contract or not in the ordinary course
       of business.

73.     Based on the foregoing, each of the Christine Anzo Transfers constitute an
avoidable fraudulent transfer or obligation incurred without consideration pursuant to Sections 544
and 548 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy
Code, the Plaintiff may avoid the Christine Anzo Transfers and any amounts associated with such
obligations.

**THIRD CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-
74 & 18-2-75 – as to the Christine Anzo Transfers)**

74.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in
Paragraphs 1 through 73 of this Complaint as though fully set forth in this cause of action.

75.     The Debtor made at least one of the Christine Anzo Transfers to or for the benefit
of Christine Anzo within the four years immediately preceding the Petition Date.

76.     Each of the Christine Anzo Transfers was made by the Debtor and constitute a
transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without
consideration.

77.     Upon information and belief, the Debtor received no direct benefit from the
Christine Anzo Transfers.

78.     Upon information and belief, the Debtor did not receive reasonably equivalent
value in exchange for each of the Christine Anzo Transfers when the Debtor: (a) was engaged or
was about to engage in a transaction for which the remaining assets of the Debtor were

13

unreasonably small in relation to the business or transaction; (b) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as such debts became due; or (c) was insolvent.

79.    In the alternative, each of the Christine Anzo Transfers was incurred by the Debtor and made with the actual intent to hinder, delay, or defraud a creditor of the Debtor.

80.    The Debtor had at least one creditor who could have avoided each of the Christine Anzo Transfers.

81.    All conditions precedent to bring this action have been performed or have occurred.

82.    Based on the foregoing, each of the Christine Anzo Transfers constitute avoidable fraudulent transfers or obligations incurred without consideration pursuant to O.C.G.A §§ 18-2-74 and/or 18-2-75 and Section 544 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid the Christine Anzo Transfers and any amounts associated with such obligations from Defendant Christine Anzo.

## FOURTH CAUSE OF ACTION
**(Recovery and Avoidance of Post-Petition Transfers – 11 U.S.C. §§ 544, 549, 550, and 551as to Christine Anzo)**

83.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 82 of this Complaint as though fully set forth in this cause of action.

84.    After the Petition Date, Christine Anzo received numerous payments from the Debtor purportedly in connection with a personal credit card. The transfers included, but were not limited to, the following specific transfers of property from the Debtor:

| Amount | Date | Check Number |
|---|---|---|
| $8,191.45 | April 9, 2015 | 3388 |
| $6,076.39 | April 25, 2015 | 5017 |
| $1,793.06 | April 25, 2016 | 5018 |

14

| | | |
|---|---|---|
| $9,389.85 | May 16, 2015 | 5037 |
| $7,565.78 | June 11, 2015 | 5066 |
| $2,802.98 | June 20, 2015 | 5081 |
| $799.86 | July 6, 2015 | 5113 |
| $3,302.33 | July 16, 2015 | 5117 |
| $3,901.74 | August 15, 2015 | 5160 |
| $543.42 | August 15, 2015 | 5175 |
| $2,188.74 | August 22, 2015 | 5176 |
| $2,772.11 | August 31, 2015 | 5187 |
| $2,294.12 | September 7, 2015 | 5190 |
| $1,579.61 | October 31, 2015 | 5231 |
| $3,546.39 | April 9, 2016 | 5288 |
| $4,743.54 | May 14, 2016 | 5532 |
| $3,368.40 | May 21, 2016 | 5546 |
| $3,530.20 | May 29, 2016 | 5560 |
| $913.79 | June 14, 2016 | 5589 |
| $2,876.10 | June 22, 2016 | 5608 |
| $2,418.10 | July 19, 2016 | 5642 |

85.    The total amount of post-petition transfers to Christine Anzo is $74,597.96.

86.    The Trustee does not have any records to support the payment of these amounts to Christine Anzo post-petition and each payment appears to be a payment on or on account of a credit card maintained by Christine Anzo, individually.  Christine Anzo should be compelled to

account for the value of all post-petition transfers made to her and to return all unauthorized or improper distributions.

87.     Check No. 3388 was written by the Debtor pre-petition, but did not clear until after the Petition Date.  Out of an abundance of caution, a claim for this transfer is also included in the First Cause of Action.

88.     Christine Anzo received the transfers identified in Paragraph 84.

89.     Pursuant to Sections 549, 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to avoid and recover the sum of $25,450.75 from Christine Anzo, plus interest thereon to the date of payment and the costs of this action, for the benefit of the Estate of the Debtor.

**FIFTH CAUSE OF ACTION**
**(Recovery and Preservation of Avoided Transfers – 11 U.S.C. §§ 550 and 551)**

90.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 89 of this Complaint as though fully set forth in this cause of action.

91.     To the extent that any transfers, including the Christine Anzo Transfers, are avoided (collectively, "Avoided Transfers"), the Plaintiff may preserve and recover such transfers or obligations pursuant to Sections 550 and 551 of the Bankruptcy Code.

92.     Christine Anzo was the initial transferee of the Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfers were made.

93.     Pursuant to Sections 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to preserve and recover the transfers, plus interest thereon to the date of payment and the costs of this action, for the benefit of the Estate of the Debtor.

**SIXTH CAUSE OF ACTION**
**(Legal and Equitable Accounting – 11 U.S.C. § 105 and Rule 6002 of the Bankruptcy Rules and Georgia Law)**

94.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 93 of this Complaint as though fully set forth in this cause of action.

95.     Among the statutory duties of a debtor, a "debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) . . . Creditors, . . .any trustee . . . in the case, or the United States Trustee may examine the debtor." 11 U.S.C. § 343; see also Fed. R. Bankr. P. 4002(a)(1) (providing that a debtor shall "attend and submit to an examination at the times ordered by the court"). In instances where a trustee is serving in the case, a debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3); *see also* Fed. R. Bankr. P. 4002(a)(4) (providing that a debtor shall "cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate).

96.     Having been the individual who commenced this Bankruptcy Case and having affirmatively sought the benefits of bankruptcy protection for the Debtor, Defendant Peter Anzo should not now be permitted to avoid the responsibility of satisfying the obligations of the Debtor to cooperate with the Trustee.

97.     Rule 6002 further provides that at a "custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof."

98.     One or more of the Defendants either have possession or control of assets or business records of the Debtor or have information regarding the assets or business records of the Debtor.

99.    One or more of the Defendants have failed to either: (a) cooperate with the Trustee as necessary to enable the Trustee to perform the duties of the Trustee; (b) report and account with respect to the property of the estate of the Debtor; (c) account to Plaintiff for all profits and any special benefits obtained as a result of any breach of fiduciary duties by either of the Defendants or (d) have intentionally hidden and absconded with the assets and business records of the Debtor.

100.    In addition to the duties and obligations imposed by the Bankruptcy Code, Defendants are required to account to the Trustee for the assets and records of the Debtor under Georgia Law.

101.    Accordingly, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to report and account with respect to property of the estate of the Debtor, for all damages cause by the Defendants, and all profits and any special benefits obtained as a result of any breach of fiduciary duty by either of the Defendants.

**SEVENTH CAUSE OF ACTION**
**(Turnover of Property of the Estate – 11 U.S.C. §§ 541 and 542 as to All Defendants – The Debtor's Boats and Income Derived Therefrom)**

102.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 101 of this Complaint as though fully set forth in this cause of action.

103.    Bankruptcy Code section 541(a) provides, in pertinent part, that the bankruptcy estate is comprised, among other things, of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

104.    Bankruptcy Code section 542(a) provides, in pertinent part, that "an entity, . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or

18

the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a).

105.   On and after the Petition Date, the Debtor was engaged in the business of renting the Debtor's Boats. The Trustee is advised and informed that the Debtor owned several and that the Debtor derived as much as $300,000 in annual income from such business. The Debtor's Boats and any income derived therefrom was property of the Debtor.

106.   Defendant Peter Anzo physically removed the Debtor's Boats from the Debtor's business premises and converted them to his own use for his own benefit and/or the use of one or more of the other Defendants.

107.   The Trustee does not know the current whereabouts or usage of the Debtor's Boats or the income derived therefrom.

108.   The Debtor's Boats and all income derived from the use and rental of the Debtor's Boats is property of the Estate.

109.   One or more of the Defendants remain in wrongful possession, custody, and control of the Debtor's Boats and the income derived therefrom within the meaning of 11 U.S.C. § 542.

110.   Despite its obligations to do so, the Defendants have failed or refused to turnover or cause the turnover to the Trustee of the Debtor's Boats and the income derived therefrom.

111.   The Debtor's Boats and the income derived therefrom are of significant value and benefit to the Estate and its creditors.

112.   Accordingly, pursuant to section 542 of the Bankruptcy Code, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to turnover or cause the turnover of the property, including the Debtor's Boats and all income derived therefrom.

## EIGHTH CAUSE OF ACTION
### (Conversion as to Peter Anzo)

19

113.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 112 of this Complaint as though fully set forth in this cause of action.

114.    After the Anzo Discharge Date, Peter Anzo removed the Debtor's Boats and converted them to his own use and profit and/or to the use and profit of PCP.

115.    After the Anzo Discharge Date, Peter Anzo willfully and intentionally converted the Debtor's Boats to his own use and profit and/or to the use and profit of PCP.  .

116.    Peter Anzo has failed and refused to return the Debtor's Boats either to the Trustee or to the Debtor.

117.    Peter Anzo is liable to the Trustee for the full value of the Debtor's Boats together with all profits derived therefrom.

118.    The actions of Peter Anzo in removing the Debtor's Boats constitute willful misconduct, malice, fraud, wantonness and/or entire want of care as to consequences of his actions.  Accordingly, the Trustee is entitled to an award of punitive damages in an amount sufficient to deter, penalize or punish Defendant Peter Anzo from and against his intentionally tortious conduct.

**NINTH CAUSE OF ACTION**
**(Turnover of Property of the Estate – 11 U.S.C. §§ 541 and 542 as to the Defendants for the Debtor's Books and Records)**

119.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 118 of this Complaint as though fully set forth in this cause of action.

120.    Bankruptcy Code section 541(a) provides, in pertinent part, that the bankruptcy estate is comprised, among other things, of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

121.    Bankruptcy Code section 542(a) provides, in pertinent part, that "an entity, . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a).

122.    One or more of the Defendants are in possession of business records of the Debtor, including, but not limited to, records relating to the use and rental of the Debtor's Boats.

123.    Pursuant to a statement from Carbonite, Inc. ("Carbonite") dated June 10, 2016, Christine Anzo purchased with funds of the Debtor certain computer and data backup services from Carbonite described as "CRB*BACKUP-877-665-4466, MA" (the "Backup").

124.    One or more of the Defendants is in possession, custody, or control of property of the Debtor that the Trustee may use, sell, or lease in the form of the Backup, and certain other documents, books, and records of the Debtor and potentially other property of the Debtor (collectively, the "Records").

125.    The interest of the Debtor in the Records, including, but not limited to, the Backup and the material therein, and documents, books and records of the Debtor, constitute property of the Estate pursuant to section 541 of the Bankruptcy Code.

126.    Carbonite has indicated that Carbonite will not turn over the Backup without the consent of Defendant Christine Anzo.

127.    Defendants remain in wrongful possession, custody, and control of the Records within the meaning of 11 U.S.C. § 542.

128.    Despite its obligations to do so, the Defendants have failed or refused to turnover or cause the turnover of the Records to the Trustee.

129.    The Records are of significant value and benefit to the Estate and its creditors.

130.    Accordingly, pursuant to section 542 of the Bankruptcy Code, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to turnover or cause the turnover of the Records, including the Backup, and the documents, books and records of the Debtor, to the Trustee.

## TENTH CAUSE OF ACTION
### (Turnover of Property of the Estate – 11 U.S.C. §§ 541 and 542 – as to All Defendants for All Other Assets of the Debtor)

131.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 130 of this Complaint as though fully set forth in this cause of action.

132.    Bankruptcy Code section 541(a) provides, in pertinent part, that the bankruptcy estate is comprised, among other things, of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

133.    Bankruptcy Code section 542(a) provides, in pertinent part, that "an entity, . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a).

134.    One or more of the Defendants have or may have taken possession of property of the Estate.

135.    Defendants remain in wrongful possession, custody, and control of property of the Debtor within the meaning of 11 U.S.C. § 542.

136.    Despite its obligations to do so, the Defendants have failed or refused to turnover or cause the turnover of the property to the Trustee.

137.     The property is of significant value and benefit to the Estate and its creditors.

138.     Accordingly, pursuant to section 542 of the Bankruptcy Code, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to turnover or cause the turnover of the property of the Debtor, including the Backup, the Debtor's Boats, and the documents, books and records of the Debtor, to the Trustee.

## ELEVENTH CAUSE OF ACTION
### (Fraudulent Conveyance and Breach of Fiduciary Duties as to Peter Anzo)

139.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 138 of this Complaint as though fully set forth in this cause of action.

140.     Defendant Peter Anzo was the manager, owner and party in control of the Debtor and was an insider of the Debtor from and after the Anzo Discharge Date.

141.     Through the foregoing relationship, there existed a relationship of dependence and influence whereby Defendant Peter Anzo had fiduciary duties to the Debtor to act with the utmost good faith, honesty, fair dealing, and loyalty and refrain from favoring personal interests at the expense of the interests of the Debtor.

142.     Defendant Peter Anzo was obligated as a fiduciary not to engage in self-dealing or otherwise promote his interests at the expense of and to the detriment of the Debtor.

143.     Given that the Debtor was insolvent and/or in the zone of insolvency at all times after the Anzo Discharge Date, the fiduciary duties of Defendant Peter Anzo extended to include the interests of creditors of the Debtor.

144.     Defendant Peter Anzo willingly, knowingly, recklessly, and in bad faith breached his fiduciary duties by placing the interests of one or more of the Defendants ahead of the interests of the Debtor from and after the Anzo Discharge Date.

145.    From and after the Anzo Discharge Date, Defendant Peter Anzo failed to use his best skill and judgment to protect the interests of the Debtor.

146.    From and after the Anzo Discharge Date, Defendant Peter Anzo breached his fiduciary duties of loyalty, good faith, and independence by, among other conduct: (a) failing to obtain value for the Debtor's Boats or the boat rental business of the Debtor at the Marina; (b) unfairly competing with the Debtor; (c) terminating the boat rental business of the Debtor without obtaining fair value; (d) usurping corporate opportunities of the Debtor and self-dealing for the benefit of one or more of the Defendants and to the detriment of the Debtor; (e) ignoring and failing to protect against conflicts of interest resulting from interrelationships and connections between the Debtor and PCP; and (f) failing to protect the interests of the Debtor or refrain from conduct that would cause injury to the Debtor or deprive the Debtor of profit or advantage, all for personal financial gain.

147.    The conduct of Defendant Peter Anzo from and after the Anzo Discharge Date constitutes a breach of his fiduciary duties and the transfer of the value of the boats and boat business for the personal benefit of Peter Anzo constitutes a fraudulent conveyance of such assets to Peter Anzo.

148.    As a direct and proximate result of the breach of fiduciary duties by the Defendant Peter Anzo, with the cooperation and assistance of Christine Anzo, the boat rental business of the Debtor at the Marina was diverted for the benefit of one or more of the Defendants and the Debtor has sustained irreparable injury in that the Debtor has not received the value for the Debtor's Boats, the boat rental business of the Debtor at the Marina or the revenues of the boat rental business that has been siphoned off for the benefit of the Defendants.

24

149.    As a direct and proximate result of the breach of fiduciary duties by the Defendant Peter Anzo and fraudulent conveyances of assets and property to Peter Anzo, the Debtor has sustained injuries for which compensation is sought in the form of: (a) compensatory, consequential, and punitive damages in an amount to be determined at trial; (b) disgorgement of all profits earned by PCP, the Defendants, or their affiliates by virtue of any breach of fiduciary duty; and (c) disgorgement of any management fees paid by the Debtor to PCP.

## TWELFTH CAUSE OF ACTION
### (Aiding and Abetting or Procuring Breach of Fiduciary Duty or Tortious Interference with Fiduciary Relationship as to Christine Anzo – O.C.G.A. § 51-12-30)

150.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 149 of this Complaint as though fully set forth in this cause of action.

151.    "In all cases, a person who maliciously procures an injury to be done to another, whether an actionable wrong or a breach of contract, is a joint wrongdoer and may be subject to an action either alone or jointly with the person who actually committed the injury." Ga. Code Ann. § 51-12-30.

152.    Upon information and belief, Christine Anzo acted improperly and wrongfully when she caused injury to the Debtor by aiding and abetting Peter Anzo in breaching his fiduciary duties to the Debtor.

153.    At all times relevant hereto, Christine Anzo managed the business affairs of the Debtor and had detailed knowledge of the Debtor's business operations and financial affairs.

154.    Upon information and belief, Christine Anzo knew that Peter Anzo owed a fiduciary duty to the Debtor when she acted purposefully and with malice to aid and abet Peter Anzo in breaching his fiduciary duties to the Debtor.

155.    The Defendants are joint tortfeasors who acted in concert in the breach of fiduciary duties by Defendant Peter Anzo for their mutual benefit.

156.    Defendant Christine Anzo induced, colluded in, or aided and abetted the breach of fiduciary duties by Defendant Peter Anzo and was an active and knowing participant in the breach of fiduciary duties by Defendant Peter Anzo.

157.    In particular, Christine Anzo had knowledge of and assisted in the usurpation of the income from the boat rental business, and perhaps other business activities, from the Debtor to or for the benefit of herself, Peter Anzo and /or PCP.

158.    Defendant Christine Anzo participated in and procured the breach of fiduciary duties by Defendant Peter Anzo for the purpose of advancing the interests of one or more of the Defendants. One or more of the Defendants obtained direct and indirect benefits from Christine Anzo colluding in or aiding and abetting the breaches of duty by Defendant Peter Anzo.

159.    The Debtor has been irreparably injured as a direct and proximate result of the aforementioned acts. As a direct and proximate result of the breach of fiduciary duties by the Defendant Peter Anzo, with the knowledge, cooperation, assistance and participation of Christine Anzo, the boat rental business of the Debtor at the Marina was diverted for the benefit of one or more of the Defendants and the Debtor has sustained irreparable injury in that the Debtor has not received the value for the Debtor's Boats, the boat rental business of the Debtor at the Marina or the revenues of the boat rental business that has been siphoned off for the benefit of the Defendants.

160.    As a direct and proximate result of the conduct of Christine Anzo, as set forth herein, the Debtor has sustained injuries for which compensation is sought in the form of: (a) compensatory, consequential, and punitive damages in an amount to be determined at trial; (b)

disgorgement of all profits earned by PCP, the Defendants, or their affiliates by virtue of any breach of fiduciary duty; and (c) disgorgement of any management fees paid by the Debtor to PCP.

**THIRTEENTH CAUSE OF ACTION**
**(Unjust Enrichment)**

161.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 160 of this Complaint as though fully set forth in this cause of action.

162.    As a result of the conduct described herein, one or more of the Defendants have been unjustly enriched at the expense of the Debtor.

163.    Accordingly, Defendants should be required to disgorge all monies, profits and gains that the Defendants or their related entities have obtained or will unjustly obtain in the future at the expense of the Debtor and a constructive trust should be imposed thereon for the benefit of the Plaintiff.

**FOURTEENTH CAUSE OF ACTION**
**(Fraudulent Conveyance of Debtor's Boats and Value of Debtor's Boat Business as to all Defendants)**

164.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 163 of this Complaint as though fully set forth in this cause of action.

165.    As a result of the conduct described herein, the Debtor's Boats and the value of the Debtor's boat rental business has been conveyed to one or more of the Defendants herein.

166.    Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for the Debtor's Boats and the value of the Debtor's boat rental business when the Debtor: (a) was engaged or was about to engage in a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; (b) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as such debts became due; or (c) was insolvent.

27

167.    In the alternative, each of the transfer of the Debtor's Boats and the value of the Debtor's boat rental business was incurred by the Debtor and made with the actual intent to hinder, delay, or defraud a creditor of the Debtor.

168.    The Debtor had at least one creditor who could have avoided each of these transfers.

169.    All conditions precedent to bring this action have been performed or have occurred.

170.    Based on the foregoing, the transfer of the Debtor's and the value of the Debtor's boat rental business constitute avoidable fraudulent transfers or obligations incurred without consideration pursuant to O.C.G.A §§ 18-2-74 and/or 18-2-75 and Sections 544 and 548 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid such conveyances from one or more of the Defendants.

## FIFTEENTH CAUSE OF ACTION
### (Attorney's Fees – O.C.G.A. § 13-6-11)

171.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in Paragraphs 1 through 170 of this Complaint as though fully set forth in this cause of action.

172.    The Trustee is entitled to the reimbursement of attorneys' fees and expenses from each of the Defendants, pursuant to O.C.G.A. § 13-6-11, because each has acted in bad faith, has been stubbornly litigious, and has caused the Debtor unnecessary trouble and expense.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that the Court grant relief and enter a judgment in favor of the Plaintiff as follows:

A.    on the First Cause of Action, determines that each of the Christine Anzo Transfers are avoidable and order that each of the Christine Anzo Transfers be set aside as preferential transfers and recovered by the Trustee for the benefit of the Estate pursuant to Sections 544, 547(b), 550, and 551 of the Bankruptcy Code;

28

B.      on the Second Cause of Action, determines that each of the Christine Anzo Transfers are avoidable and order that the Christine Anzo Transfers be set aside as fraudulent transfers and recovered by the Trustee for the benefit of the Estate pursuant to sections 544, 548, 550, and 551 of the Bankruptcy Code;

C.      on the Third Cause of Action, determines that each of the Christine Anzo Transfers are avoidable and order that the Christine Anzo Transfers be set aside as fraudulent transfers and recovered by the Trustee for the benefit of the Estate pursuant to sections 544, 550, and 551 of the Bankruptcy Code and O.C.G.A §§ 18-2-74 and/or 18-2-75;

D.      avoids each of the transfers in the total aggregate amount of not less than $163,498.11 in favor of the Trustee;

E.      on the Fourth Cause of Action, determines that each of the payments identified therein be set aside and avoided pursuant to section 549 of the Bankruptcy Code and that the Trustee be awarded the sum of not less than $74,597.96 in connection therewith;

F.      on the Fifth Cause of Action, determines that each of the transfers, to the extent that they are avoided, shall be recovered by Plaintiff pursuant to Sections 550 and 551 of the Bankruptcy Code;

G.      on the Sixth Cause of Action, a judgment and order granting the Trustee a legal and equitable accounting and directing and compelling the Defendants to report and account with respect to property of the estate of the Debtor, for all damages caused by the Defendants, and all profits and any special benefits obtained as a result of any breach of fiduciary duty by either of the Defendants;

H.      on the Seventh Cause of Action, determines that the Debtor's Boats and any income derived therefrom are property of the Estate pursuant to section 541 of the Bankruptcy Code and

29

requires Defendants to immediately turnover or cause the turnover of said property to Plaintiff pursuant to section 542 of the Bankruptcy Code;

I.      on the Eighth Cause of Action, an award against Peter Anzo for the conversion of the Debtor's Boats together with compensatory, consequential, and punitive damages in an amount to be determined at trial;

J.      on the Ninth Cause of Action, determines that the Records, including, but not limited to, the Backup and documents, books, and records of the Debtor, are property of the Estate pursuant to section 541 of the Bankruptcy Code and requires the Defendants to immediately turnover or cause the turnover of said Property to Plaintiff pursuant to section 542 of the Bankruptcy Code;

K.      on the Tenth Cause of Action, an award directing and determining that Debtor's property in the custody and control of one or more of the Defendants is property of the Estate pursuant to section 541 of the Bankruptcy Code and requires the Defendants to immediately turnover or cause the turnover of said property to Plaintiff pursuant to section 542 of the Bankruptcy Code;

L.      on the Eleventh and Twelfth Causes of Action, directing and compelling Peter Anzo and Christine Anzo to report and account with respect to property of the Estate of the Debtor, for all damages caused by one or more of the Defendants, and all profits and any special benefits obtained by any of the Defendants as a result of any breach of fiduciary duty by Peter Anzo or any aiding and abetting or procuring breach of fiduciary duty or tortious interference with fiduciary relationship by Christine Anzo;

M.      in addition to injunctive relief to which the Plaintiff may be entitled on the Eleventh and Twelfth Causes of Action, an award in the form of: (i) compensatory, consequential, and

just and proper under the circumstances of this case.

       Dated: February 5, 2018.

                             LAW OFFICES OF HENRY F. SEWELL JR., LLC

                             */s/ Henry F. Sewell, Jr.*
                             Henry F. Sewell, Jr.
                             Georgia Bar No. 636265
                             Buckhead Centre
                             2964 Peachtree Road NW, Suite 555
                             Atlanta, GA 30305
                             (404) 926-0053
                             hsewell@sewellfirm.com

                             *Counsel for S. Gregory Hays, as Chapter 7 Trustee*
                             *for the Estate of LaPrade's Marina, LLC, Debtor*

32

# EXHIBIT A

**Payments to Christine Anzo Within One-Year of**
**the Petition Date of 4/6/2015**

| Date | Number | Amount |
|------|--------|--------|
| 4/10/14 | 2379 | $ 2,255.56 |
| 4/17/14 | 2385 | $ 5,000.00 |
| 4/23/14 | 2400 | $ 3,189.52 |
| 4/30/14 | 2410 | $ 12,490.34 |
| 5/8/14 | 2427 | $ 5,000.00 |
| 5/17/14 | 3050 | $ 3,339.06 |
| 5/24/14 | 3062 | $ 12,309.49 |
| 5/31/14 | 3072 | $ 3,996.83 |
| 6/7/14 | 3105 | $ 3,522.61 |
| 6/7/14 | 3106 | $ 741.96 |
| 6/16/14 | 3109 | $ 3,042.05 |
| 6/28/14 | 3142 | $ 5,822.14 |
| 6/28/14 | 3143 | $ 2,046.53 |
| 7/8/14 | 3145 | $ 4,707.69 |
| 7/12/14 | 3159 | $ 7,112.58 |
| 7/24/14 | 3188 | $ 3,834.64 |
| 8/2/14 | 3197 | $ 4,288.31 |
| 8/5/14 | 3018 | $ 5,000.00 |
| 8/9/14 | 3214 | $ 3,912.50 |
| 8/16/14 | 3224 | $ 1,446.78 |
| 8/23/14 | 2333 | $ 3,184.84 |
| 9/1/14 | 3242 | $ 1,563.59 |
| 9/6/14 | 3253 | $ 6,000.00 |
| 9/6/14 | 3254 | $ 1,048.92 |
| 9/27/14 | 3271 | $ 2,752.17 |
| 9/30/14 | 3284 | $ 2,336.67 |
| 10/18/14 | 3291 | $ 2,336.78 |
| 10/25/14 | 3296 | $ 3,000.00 |
| 10/25/14 | 3297 | $ 970.30 |
| 10/31/14 | 3308 | $ - |
| 11/3/14 | 3306 | $ 3,000.00 |
| 11/3/14 | 3307 | $ 789.86 |
| 11/11/14 | 3312 | $ 1,636.92 |
| 11/18/14 | 3320 | $ 483.91 |
| 12/1/14 | 3325 | $ 3,000.00 |
| 12/1/14 | 3326 | $ 789.86 |
| 12/3/14 | 3334 | $ 550.00 |
| 12/3/14 | 3335 | $ 2,481.83 |
| 1/4/15 | 3343 | $ 3,000.00 |
| 1/4/15 | 3344 | $ 6,643.18 |
| 2/1/15 | 3345 | $ 3,000.00 |
| 3/1/15 | 3346 | $ 5,391.49 |
| 3/7/15 | 3355 | $ 3,000.00 |
| 3/7/15 | 3356 | $ 789.86 |
| 4/1/15 | 3367 | $ 3,000.00 |
| 4/1/15 | 3368 | $ 789.86 |
| 4/4/15 | 3387 | $ 708.03 |
| 4/4/15 | 3388 | $ 8,191.45 |
| | Total | $ 163,498.11 |