## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| <u>    Debtor.                </u> | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA, LLC, DEBTOR, | : | |
| | : | |
|        Plaintiff, | : | |
| V. | : | Adv. Pro. No. 18-02004-JRS |
| | : | |
| PETER DOMINIC ANZO, CHRISTINE ANZO, PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : | |
| | : | |
| <u>    Defendants.            </u> | : | |

### MOTION BY TRUSTEE FOR AN ORDER COMPELLING PRODUCTION OF DISCOVERY TO PLAINTIFF AND EXTENDING TERM OF DISCOVERY

Plaintiff S. Gregory Hays, as Chapter 7 Trustee ("**Plaintiff**") for the Estate (the "**Estate**") of LaPrade's Marina, LLC, Debtor ("**Debtor**") in the above captioned Bankruptcy Case and Plaintiff in the above captioned Adversary Proceeding (the "**Adversary Proceeding**"), by and through counsel, hereby files—pursuant to Rules 26, 33, 34, 36, and 37, as made applicable to this Adversary Proceeding, and BLR 7026-2 and 7037-1—this *Motion by Trustee for an Order Compelling Production of Discovery to Plaintiff and Extending Term of Discovery* to request that the Court compel the production of discovery to the Plaintiff by March 10, 2019, and extend discovery in the Adversary Proceeding through and until April 30, 2019. In support thereof, the Plaintiff provides as follows:

## INTRODUCTION

1.      In the complaint in this Adversary Proceeding, the Plaintiff, among other things, alleges that Defendants Peter Dominic Anzo ("**Mr. Anzo**"),[1] Christine Anzo ("**Ms. Anzo**"), and Performance Consulting Partners, LLC ("**PCP**") (collectively, Mr. Anzo, Ms. Anzo, and PCP are the "**Defendants**") wrongfully transferred or obtained the benefit of assets of the Debtor.

2.      The Parties previously filed a Joint Report of Rule 26(f) Conference and Discovery Plan (the "**Joint Report**") in which the Defendants and the Plaintiff (collectively, the "**Parties**") agreed to certain deadlines in the Adversary Proceeding.

3.      Upon consideration of the Joint Report, the Court entered an Order on Rule 26(f) Report dated May 11, 2018 [Doc. No. 12] (the "**Discovery Order**") in which the Court approved the time limits and provisions stated in the Joint Report.

4.      Incident to several stipulations extending deadlines that were approved by the Court, the Joint Report and the Discovery Order were amended to, most recently, provide that: a) the duration of discovery shall be extended until March 15, 2019; and b) the deadline for the filing of dispositive motions shall be extended until April 15, 2019. [Doc. No. 25].

5.      The Plaintiff submits that the Plaintiff has pursued discovery in the Adversary Proceeding in a timely manner, provided courtesy extensions for the Defendants to respond to discovery propounded by the Plaintiff, and acted in good faith to secure adequate discovery in a timely manner in accordance with the Joint Report and Discovery Order while providing reasonable accomodations to the Defendants, particularly Defendant Christine Anzo. In response, Defendant Christine Anzo produced an incomplete and evasive response, with numerous objections, shortly before the current conclusion of discovery and now refuses to complete document production

---

[1] The Plaintiff has filed a motion for an order dismissing Mr. Anzo as one of the Defendants.

disclosure and discovery prior to the current conclusion of discovery or extend the duration of discovery to provide the Plaintiff with sufficient time to review documents, address the objections and take depositions based on such documents prior to the close of discovery.

## BACKGROUND

6.      On July 27, 2018, Plaintiff served Plaintiff's First Continuing Interrogatories and Requests for Production of Documents to Defendant (the "**Requests**").

7.      In response to multiple requests by Ms. Anzo, the Plaintiff provided multiple courtesy extensions for the Defendants to respond to the Requests. Such extensions were granted based on the assumption that the Parties would extend the duration of discovery to provide the Parties with sufficient time to review and attempt to resolve asserted objections, review documents and take depositions based on documents produced prior to the close of discovery.

8.      Given the multiple extensions, Ms. Anzo had ample time to collect documents and information to provide full and complete responses to the Requests.

9.      Shortly before the current close of discovery, Defendant Christine Anzo served on February 25, 2019, responses to the Requests (the "**Ms. Anzo Response**") that were incomplete, contained numerous objections and evasive. A copy of the Ms. Anzo Response is attached hereto as **Exhibit A** and incorporated herein by reference.

10.     Rather than producing all relevant documents with the Ms. Anzo Response, the Ms. Anzo Response delays production of documents until a "mutually convenient date and time." *See* Ms. Anzo Response related to requests for production nos. 1-33 and 37. More specifically, the responses to request for production nos. 1-4, 9-12, and 37 provide as follows: "Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient time." The responses to request for production no. 5 provides as follows:

3

"Defendant did not keep or maintain any of the Debtor's records, but shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient time." The responses to request for production nos. 6-8 and 13-33 simply refer to the response to request no. 5. Under the circumstances, the Plaintiff submits that such response fails to comply with the Requests.

11.     The Plaintiff has in good faith attempted to arrange a mutually convenient date and time to obtain documents responsive to the Requests prior to the current close of discovery; however, the current close of discovery is approaching and Ms. Anzo has not produced any documents. The failure of Ms. Anzo to provide responsive documents prior to the current close of discovery is without substantial justification, especially in light of the fact that depositions and other discovery may be based on such documents.

12.     Despite failing to timely produce documents and information responsive to the Requests, Ms. Anzo has also thus far refused to agree to an extension of the duration of discovery to provide the Parties with sufficient time to exchange all relevant information, review documents, address objections and take depositions based on documents produced prior to the close of discovery.

13.     Counsel for Plaintiff has made a good faith effort to address with counsel for Ms. Anzo the production of incomplete responses by Ms. Anzo shortly before the currently schedule close of discovery, the failure of Ms. Anzo to timely produce the documents referenced in the Ms. Anzo Responses, and the refusal of Ms. Anzo to agree to an extension of the duration of discovery to provide the Parties with sufficient time to exchange all relevant information, review documents, address objections and take depositions based on documents produced prior to the close of discovery, but such efforts were unsuccessful to resolve these issues. As required by Fed. R. Civ.

4

P. 37 and BLR 7037-1, attached hereto as **Exhibit B** and incorporated herein by reference, is the Affidavit of Henry F. Sewell, Jr. certifying that counsel for the Trustee has, in good faith, conferred or attempted to confer with Defendant Christine Anzo's attorney in an effort to secure disclosure or discovery by agreement and that such efforts were not successful without court action.

14.     The service of the Ms. Anzo Response shortly before the close of discovery has provided Plaintiff with only a limited amount of time to review the objections set forth therein and is prejudicial to the Trustee and the Bankruptcy Estate.

15.     Because the focus of the Plaintiff has been on the grave failure of Ms. Anzo to produce relevant documents and her refusal to agree to an extension of the duration of discovery to provide the Parties with sufficient time to exchange all relevant information, review documents, and take depositions based on documents produced prior to the close of discovery, Plaintiff reserves the right to raise additional issues with the objections set forth in the Ms. Anzo Response.

## REQUESTED RELIEF

16.     Pursuant to this Motion, Plaintiff seeks an order that compels the production of discovery to the Plaintiff by March 10, 2019, and extends the duration of discovery in the Adversary Proceeding through and until April 30, 2019. In the event that Ms. Anzo does not produce the required information and documents, the Plaintiff seeks an order striking Defendant Christine Anzo's Answer and Affirmative Defenses. Further, Plaintiff prays for sanctions and any other relief that this Court deems proper and just for the willful concealment of evidence by Ms. Anzo.

## BASIS FOR RELIEF

17.     "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. This Motion is filed prior to the expiration

of the previously extended discovery period. Given that Ms. Anzo is a party who has failed to produce documents or permit inspection as requested under Fed. R. Civ. P. 34, the Court may compel such disclosure and discovery and extend the duration of discovery to provide the Plaintiff with sufficient time to review documents and take depositions based on such documents prior to the close of discovery.

**WHEREFORE**, the Plaintiff respectfully prays that the Court enter an order that: 1) compels the production of discovery to the Plaintiff by March 10, 2019; 2) extends discovery in the Adversary Proceeding through and until April 30, 2019; 3) strikes Defendant Christine Anzo's Answer and Affirmative Defenses in the event documents are not produced by March 10, 2019; 4) sets a hearing and awards the Plaintiff reasonable attorney's fees and expenses incurred in preparing and resolving this Motion; and 5) grants Plaintiff such other and further relief as the Court deems just and proper.

Dated: March 4, 2019.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of LaPrade's Marina, LLC, Debtor*

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| ___Debtor.___ | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA, LLC, DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | Adv. Pro. No. 18-02004-jrs |
| | : | |
| PETER DOMINIC ANZO, CHRISTINE ANZO, PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : | |
| | : | |
| ___Defendants.___ | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the *Motion by Trustee for an Order Compelling Production of Discovery to Plaintiff and Extending Term of Discovery* by ECF or by mailing a copy of the same via first class mail with adequate postage affixed thereon to insure proper delivery as indicated below:

Peter Dominic Anzo
102 Bristol Lane
Clayton, Georgia 30525
*Via First Class Mail*

Performance Consulting Partners LLC
c/o Scott B. Riddle Esq.
3340 Peachtree Road NE
100 Tower Place, Suite 1800
Atlanta, Georgia 30326
*(Via ECF)*

Christine Anzo
c/o Louis G. McBryan, Esq.
McBryan, LLC
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, Georgia 30327
*(Via ECF)*

Dated: March 4, 2019.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee
for the Estate of LaPrade's Marina, LLC, Debtor*

2

Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| _____Debtor_____ | : | |
| | : | |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR LAPRADE'S MARINA | : | |
| LLC, DEBTOR, | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | Adversary Proceeding No. 18-02004-jrs |
| PETER DOMINIC ANZO, | : | |
| CHRISTINE ANZO, PERFORMANCE | : | |
| CONSULTING PARTNERS, LLC, and | : | |
| JOHN DOES 1 – 10, | : | |
| | : | |
| Defendants | : | |

### RESPONSES AND OBJECTIONS OF DEFENDANT CHRISTINE ANZO TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

COMES NOW, Christine Anzo ("Mrs. Anzo") and responds to Plaintiff's First Continuing Interrogatories and Requests for Production of Documents to Defendant ("Plaintiff") as follows:

### GENERAL OBJECTIONS

1.      These responses, subject to the inadvertent or undiscovered errors, are based upon and therefore necessarily limited by records and information still in existence, presently recollected and thus far discovered in the course of preparing these responses. Mrs. Anzo therefore reserves the right to make any changes in these responses, if it appears, at any time, that inadvertent errors or omissions have been made or additional or more accurate information becomes available.

2.      Mrs. Anzo objects to the each and every discovery request to the extent that they seek to require Mrs. Anzo to give responses for purposes other than the pending action, and Mrs.

Anzo states that her responses to such discovery requests are for use in the pending action and shall not be used as evidence in any other action or proceeding.

      3.     The production of any document and the dissemination of any information pursuant to these requests is without prejudice to Mrs. Anzo right later to object that such information is protected by the attorney-client privilege, the work-product doctrine, and/or the anticipation of litigation doctrine, and the production of such information was inadvertent; nor shall the production of any information be construed as an admission by Mrs. Anzo that said information is relevant, material, authentic or otherwise admissible as evidence.

      4.     Any information and any document provided pursuant to these responses are provided only for and specifically in connection with this lawsuit. The requesting party and recipients of such information and documents should treat the same as confidential and are not authorized to disseminate such information and documents further without Mrs. Anzo's express written consent.

      5.     These General Objections apply to every answer provided hereafter as though fully set forth in each specific response.

## RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

1.

Please identify each and every direct or indirect transfer of assets or property of the Debtor to any of the Anzo Parties during the four (4) years immediately prior to the Petition Date and after the Petition Date, including, but not limited to, for each transfer, by providing the following: a) the date of each transfer by the Debtor; b) a description of what was transferred by the Debtor to any of the Anzo Parties; c) the reason for the transfer; and d) the value given to the Debtor in exchange for each transfer.

2

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that: 1) it is overly broad and unduly burdensome to be answered without undue hardship to the Defendant and is just meant to annoy and harass her; 2) it calls for speculations as to transfers to Anzo Parties as defined by Plaintiff. In addition, all financial records have been previously produced in the bankruptcy case.

2.

For each of the Christine Anzo transfers, please identify the basis or reason for each such transfer.

**RESPONSE:** Each transfer identified by Plaintiff in its complaint was authorized by the Debtor and each transfer was in exchange and in consideration of reasonably equivalent value.

3.

For each of the post-petition transfers to Christine Anzo identified in the Complaint and, for each transfer identified, indicate whether the Debtor had approval of the Bankruptcy Court to issue such transfer.

**RESPONSE:** Each Transfer identified by Plaintiff to Mrs. Anzo was authorized by the Debtor and was transferred for reasonably equivalent value. Each transfer was disclosed in the operating reports of the debtor. Defendant presume all transfers were authorized by the Court in that there was a cash collateral order entered by the Court and the secured creditor was reviewing all transfers and did not object to the transfers.

4.

Please identify the Debtor's Boats that were owned by the Debtor during the four (4) years immediately prior to the Petition Date and, for each of the identified Debtor's Boats, indicate the current location of each of the Debtor's Boats and how, when, and where each of the Debtor's Boats were transferred or transitioned away from the Debtor.

**RESPONSE:** Defendant does not have any records of boats owned by the Debtor prior to the petition date and believes that boats owned by the Debtor were left at the property on September 5, 2016, the last time the Defendant was at the property.

5.

Please identify and describe any revenue streams arising from the Debtor's Boats or any other property of the Debtor, the PCP's Boats, or any business operating at the Marina during the four (4) years immediately prior to the Petition Date and after the Petition Date, any changes to such income streams, and indicate whether any revenue or opportunities were improperly diverted away from the Debtor.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to be answered without undue hardship to the Defendant and is just meant to annoy and harass her. Defendant recollects that the Marina rented boats pre-petition; pre and post-petition Debtor leased space to a pizza restaurant, another restaurant, sold sundries, clothing and boat fuel, and rented boat slips. To the best of Defendant's knowledge, all financial records have been previously produced in the bankruptcy case. Defendant knows of no improper diversion of revenue or opportunities from the Debtor pre and post-petition. Specifically, prior to the Bankruptcy filing, Debtor had been renting boats, but customers had been complaining that the Debtor's boats were old and did not have the amenities they expected. Debtor was then suffering financial distress and did not have the money to buy new boats nor the ability to finance the purchase of new boats. PCP provided new boats, which it rented from the marina. The Debtor sold the boat fuel needed by these boats and sold other items to the renters of the boats.

4

6.

Please identify any purchase or transfer of any of the Debtor's Boats or any other assets from the Debtor during the four (4) years immediately prior to the Petition Date or after the Petition Date.

**RESPONSE:** Defendant is aware that Debtor purchased boats pre-petition but does not recall any specifics. She is not aware of any transfer of the boats. Defendant objects to the Interrogatory in that it is overly broad and burdensome as to "other assets". Further, Defendant recalls many items, in fact too many to remember them including by way of example, but not limitation, thousands of ice cream sandwiches, sold by the Debtor to its customers.

7.

Please describe and explain Your relationship with PCP during the four (4) years immediately prior to the Petition Date and after the Petition Date, including, but not limited to, a description of the following: a) Your role(s) with PCP; b) any tasks that You performed for PCP; c) any obligations or duties that You owed PCP; and d) any benefit or transfers that You received from PCP.

**RESPONSE:** a) Defendant had no duties or relationship with Performance Consulting Partners, LLC prior to the petition date. b) Defendant after the petition date from time to time answered the phone and assisted customers reserving a boat. c) Defendant had no obligations or duties owed to PCP. d) Defendant provided funds to PCP to purchase two boats and PCP paid back the funds it used to buy the two boats and she was compensated for her time assisting PCP customers.

8.

Please describe and explain how, when, and from whom PCP's Boats were purchased, including, but not limited to, explaining who owned PCP's Boats prior to PCP, the source of

5

funding of PCP's Boats, how much was paid to acquire PCP's Boats, the date(s) that PCP acquired

PCP's Boats and whether any funds of the Debtor were used to purchase any of PCP's Boats.

**RESPONSE:** In lieu of responding, Defendant will produce the records referencing the two

boats she funded. She is not in possession of any other PCP records

9.

Please identify the computers utilized by the Debtor, the Marina, or any of the Anzo Parties

and any data backups related to the Debtor or any of the Anzo Parties, including, but not limited

to, data backup services obtained pursuant to a statement from Carbonate dated June 10, 2016, and

described as "CRB*BACKUP-877-665-4466, MA."

**RESPONSE:** Defendant objects to the interrogatory as being vague and ambiguous and

seeks information that is not reasonably related to discovery of relevant admissible evidence, as

Plaintiff is asking for information what computers Defendant used for matters unrelated to the

Debtor. Defendant used the computers at the Marina for all matters related to the Debtor.

Defendant is not familiar with "a statement from Carbonite dated June 10, 2016".

10.

Identify all persons whom You know, or have any reason to believe, have knowledge of

the facts relevant to the issues raised in this Adversary Proceeding, the Complaint, or any Answer

filed by the Defendant and provide a general description of the facts and/or subject matter known

by each such person.

**RESPONSE:** Defendant does not know but believes the following persons have personal

knowledge of the facts alleged in this case: S. Gregory Hays; Henry F. Sewell, Jr.; Katie

Brotherton; David Cranshaw; Darlene H. Parks; Pamela Lendzion; Cheyne Karabasz; David

Keating; Larry Imhoff, Peter Anzo, Dallas Hurston, Robyn Krivsky, Courtney Lovell Speed, Katie

York, Laura Sauls, Linda Fuller, Stephanie Haugen and Jessica Talley-Peterson. The former

6

employees of the Marina have knowledge of the records and equipment left at the marina pre and post-petition and when turned over to the lender; as do Mr. Cranshaw, Ms. Parks, Mr. Lendzion, Mr. Cranshaw, Mr. Hurston and their counsel or principals, and Mr. Anzo have knowledge of Debtor's financial condition pre and post-petition.

11.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Seventh Affirmative Defense.

**RESPONSE:** Each transfer identified by Plaintiff as an Anzo Transfer were in exchange for reasonably equivalent value. Mrs. Anzo would often pay for the necessary items used by the Debtor and would be reimbursed for such expenditures. Additionally, Mrs. Anzo worked at the marina and would be compensated for her services. The records supporting each check with the check stub and the receipts which supported the funds transferred to Mrs. Anzo were present in the Marina's office as directed by the Debtor's counsel and requested by Mr. Cranshaw. Counsel for Mrs. Anzo was informed by trustee's counsel "those paper records" are gone.

12.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Eighth Affirmative Defense.

**RESPONSE:** Mrs. Anzo believed that when she was receiving any funds the Debtor was able to pay its debts as they became due, and all payments were received in exchange for valuable consideration and authorized by the Debtor and the Court.

7

13.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Ninth Affirmative Defense.

**RESPONSE:** Please see response to Interrogatory No. 12.

14.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Thirteenth Affirmative Defense.

**RESPONSE:** Plaintiff in its Complaint has claimed that additional defendants John Does 1-10 exist but did not name them. Mrs. Anzo agrees with Plaintiff that others are most likely responsible for the losses claimed by Plaintiff, and not the parties named.

15.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Twenty-Fourth Affirmative Defense.

**RESPONSE:** Please see the response to Interrogatory No. 11.

16.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Twenty Fourth Affirmative Defense.

**RESPONSE:** Please see the response to Interrogatory No. 11.

8

17.

Please identify all facts, communications and documents, and all persons with knowledge of the facts, communications and documents supporting or relating to Your Thirteenth Affirmative Defense.

**RESPONSE:** Plaintiff in its Complaint has claimed that additional defendants John Does 1-10 exist but did not name them. Mrs. Anzo agrees with Plaintiff that others are responsible for the losses claimed by Plaintiff, and not the parties named.

18.

Please identify all persons whom you may call as a fact witness at any hearing or trial in the Adversary Proceeding. For each witness, state (a) the facts to which such witness is expected to testify and (b) the Documents upon which such fact witness is expected to reply in providing such testimony or to authenticate and identify.

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it seeks to limit Defendant's witnesses. Defendant has not yet decided whether or not to call any witnesses. Defendant reserves the right to supplement her responses should a witness be named. See also see response to Interrogatory No. 10.

19.

Please identify all persons whom you intend to call as expert witnesses at any hearing or trial in the Adversary Proceeding and for each such witness state: (a) the subject matter on which the expert is expected to testify; (b) the substance of the opinion(s) in which such expert is expected to render; (c) the factual basis and grounds for such opinions; (d) the Documents upon which such expert has relied in rendering such opinions; (e) the qualifications of the witness to render such opinion(s) together with the factual basis for such opinion; and (f) and identify all Documents

9

prepared by or on behalf of, or that were furnished to, each such expert witness for purposes of trial in this Adversary Proceeding.

**RESPONSE:** Defendant has not yet decided whether or not to call any experts. Defendant reserves the right to supplement her responses should an expert be named.

20.

Please identify each and every person having knowledge of any of the underlying facts, Communications, and Documents concerning any matter set forth in the Complaint who have not already been identified in response to any of the preceding Interrogatories and describe the extent and nature of each individual's knowledge and for each person identify the facts, Communications and Documents of which You believe he or she may be aware of.

**RESPONSE:** Mrs. Anzo has not yet identified any person whom this Interrogatory seeks.

21.

Identify each person who provided facts, information or Documents in responding to the Requests or from whom you solicited facts, information and Documents to respond to these Requests and identify the Requests to which they provided information.

**RESPONSE:** Defendant objects to this Interrogatory to the extent the information sought is subject to attorney-client privilege, constitutes work product and was prepared in anticipation of litigation and is otherwise privileged or exempt from discovery.

22.

Identify each Document which you consulted, upon which you relied, or which otherwise constituted a source of information for you in connection with the preparation of your answer to the Interrogatories.

**RESPONSE:** Defendant objects to this Interrogatory to the extent the information sought is subject to attorney-client privilege, constitutes work product, was prepared in anticipation of

litigation and is otherwise privileged or exempt from discovery. Mrs. Anzo reviewed documents
in her possession and will produce them as allowed by Fed.R.Civ.P. 33.

23.

State all facts supporting the contention of the Defendant that the Defendant is not liable
for receiving avoidable transfers from the Debtor within the four (4) years prior to the Petition
Date or after the Petition Date and identify all persons with knowledge of those facts.

**RESPONSE:** Defendant objects to this Interrogatory because it calls for a legal
conclusion. Defendant asserts the transfers as alleged are not avoidable.

24.

For any of these Interrogatories that you were unable to answer, state in detail what
efforts you undertook to comply with or answer the Interrogatories in question.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overly
broad and unduly burdensome to be answered without undue hardship to the Defendant and is
just meant to annoy and harass her. Defendant considered all interrogatories.

### **RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

1.

Any Documents upon which You reviewed, referred to, or relied upon to respond to or are
identified in Your responses to the Interrogatories set forth herein.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure
documents responsive to this request at a mutually convenient date and time.

2.

Any Documents that you contend demonstrate, evidence, give rise, support, or relate in any
way to any defense that you assert in the Adversary Proceeding.

11

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant states many of the documents that support her defenses were left at the marina.

3.

Any contracts or agreements, whether written or oral, between the Debtor and Christine Anzo, Peter Anzo, or PCP effective during the four (4) years immediately preceding the Petition Date and all Documents and Correspondence relating thereto, including all Documents regarding any services purportedly provided to the Debtor by Christine Anzo, Peter Anzo, or PCP.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant states many of the documents that support her defenses were left at the marina.

4.

Any Documents, written or electronic and including, but not limited to, any letters, notes, billing files, general or specific files, memoranda, email, records, and Correspondence, and/or oral or written Communications, relating to any value that Defendant provided to the Debtor within the four (4) years prior to the Petition Date.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant states many of the documents that support her defenses were left at the marina.

5.

Any Documents related to the operations, financial condition, or assets of the Debtor, any of the Anzo Parties, or any business operating at the Marina.

**RESPONSE:** Defendant did not keep or maintain any of the Debtor's records but shall produce all non-privileged or protected from disclosure documents responsive to this request at a

12

mutually convenient date and time. Defendant objects to the disclosure of any Anzo Parties records as defined by Plaintiff as such is overly broad and intended only to harass Defendant, and such request is not reasonably calculated to lead to admissible evidence.

6.

Any books and records, tax returns, financial statements, projections, valuations, bank statements, or descriptions of any transactions applicable to the Debtor, any assets of the Debtor, the Marina, or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

7.

Any books and records, tax returns, financial statements, projections, valuations, bank statements, or descriptions of any off-book transactions applicable to the Debtor, any assets of the Debtor, the Marina, or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

8.

Any Documents related to any transfers of any assets or property of the Debtor to any of the Anzo Parties or others during the four (4) years immediately prior to the Petition Date or after the Petition Date.

**RESPONSE:** Please see response to request No. 5.

9.

Any Documents in Your custody, possession or control evidencing, supporting, or referring to any obligation due by the Debtor to Christine Anzo during the four (4) years immediately prior to the Petition Date or after the Petition Date.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant did not keep or maintain Debtor's records.

10.

Any Documents related to any transfers to Christine Anzo by or on behalf of the Debtor during the four (4) years immediately prior to the Petition Date or after the Petition Date, including, but not limited to the Christine Anzo Transfers.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant did not keep or maintain Debtor's records. The records were left at the Marina as directed.

11.

Any Documents related to the post-petition transfers identified in the Complaint to Christine Anzo.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant did not keep or maintain Debtor's records. The records were left at the Marina as directed.

12.

Any Documents indicating that the Debtor was solvent during the four (4) years immediately preceding the Petition Date.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant did not keep or maintain Debtor's records. The records were left at the Marina as directed.

14

13.

Any Documents indicating that any transfers to any of the Anzo Parties was on account of an antecedent debt or for reasonably equivalent value.

**RESPONSE:** Please see response to request No. 5.

14.

Any Documents related to the boat renting business or any other revenue generating businesses of the Debtor, PCP, or otherwise at the Marina.

**RESPONSE:** Please see response to request No. 5.

15.

Any Documents related to the Marina, the Debtor's Boats or the PCP's Boats.

**RESPONSE:** Please see response to request No. 5.

16.

Any Documents related to the retirement, disposition, or transfer of the Debtor's Boats and any other assets or revenue streams of the Debtor and whether any of the Debtor's Boats or any other assets or revenue streams of the Debtor were improperly transferred to another party.

**RESPONSE:** Please see response to request No. 5.

17.

Any Documents related to any revenue streams arising from the Debtor's Boats or any other property of the Debtor, the PCP's Boats, or a business operating at the Marina, any changes to such income streams, and whether any revenue or opportunities were improperly diverted away from the Debtor.

**RESPONSE:** Please see response to request No. 5.

15

18.

Any Documents related to the purchase or transfer of any of the Debtor's Boats or any other assets from the Debtor.

**RESPONSE:** Please see response to request No. 5.

19.

Any Documents evidencing how and when PCP's Boats were purchased, who owned PCP's boats prior to PCP, payment for any of the PCP's Boats, the source of funding to acquire the PCP's Boats, and whether any funds of the Debtor were used to purchase any of PCP's Boats.

**RESPONSE:** Please see response to request No. 5.

20.

Any Documents related to activities, conduct, or property of the Debtor, at the Marina, or of any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

21.

Any Documents related to any transfers of property of the Debtor or involving the Marina and any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

22.

Any Documents related to the accuracy of the schedules filed in the Bankruptcy Case.

**RESPONSE:** Defendant has no such documents.

23.

Any list or description of the computers utilized by the Debtor, the Marina, or any of the Anzo Parties and any data backups related to the Debtor or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

16

24.

Any Documents related to any computer or data backups that any of the Anzo Parties or the Debtor purchased related to the Debtor, including, but not limited to, Documents and other content arising from computer and data backup services provided pursuant to a statement from Carbonite dated June 10, 2016, and described as "CRB*BACKUP-877-665-4466, MA."

**RESPONSE:** Please see response to request No. 5.

25.

Any Documents related to relationships between the Debtor, insiders, and third parties, including, but not limited to, relationships between and among the Debtor and any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

26.

Any Documents related to any contacts, agreements, transactions, investments, or arrangements involving or related to the Debtor, any property of the Debtor, or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

27.

Any Documents related to any entities related to or affiliates of the Debtor or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

28.

Any Documents related to any interests, rights, property, or assets of the Debtor or any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

17

29.

Communications or Correspondence regarding the Debtor, any businesses at the Marina, any property of the Debtor, or any transfer or disposition of any property of the Debtor.

**RESPONSE:** Please see response to request No. 5.

30.

Communications or Correspondence regarding any transfers from the Debtor to any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

31.

Any written agreements between or among the Debtor and any of the Anzo Parties.

**RESPONSE:** Please see response to request No. 5.

32.

Any Documents identifying any payments by any of the Anzo Parties to the Debtor or for the use of any boats, office space, slips or other facilities at the Marina in 2014, 2015 and 2016.

**RESPONSE:** Please see response to request No. 5.

33.

Any Documents indicating the revenue generated from any business at the Marina in 2014, 2015 and 2016.

**RESPONSE:** Please see response to request No. 5.

34.

Provide a curriculum vitae for any person that You intend to call as a fact witness in this Adversary Proceeding.

**RESPONSE:** Defendant has no such documents.

35.

With regard to any expert whom You have retained for this Adversary Proceeding or whom You anticipate will testify at any trial or hearing in this Adversary Proceeding, produce:

(a) A current curriculum vitae;

(b) All reports, whether draft or final, created in connection with this case along with all Documents with such expert considered or relied upon in preparing such report(s);

(c) All working papers used in connection with this case;

(d) The file that will be used by the expert in this case;

(e) All bills or invoices created by, at the direction of, or on behalf of the expert in connection with this case and all Documents evidencing or concerning any compensation or reimbursement of expenses paid or to be paid to such expert; and

(f) All Documents reflecting Communications between You and such expert.

**RESPONSE:** Defendant has not identified an expert yet.

36.

All Documents that You intend to introduce into evidence or use in any manner at any hearing or trial in the Adversary Proceeding.

**RESPONSE:** Defendant has not yet determined what documents, if any, she may offer.

37.

Any Documents identified or referenced in the Rule 26(a)(1) disclosures of the Defendant.

**RESPONSE:** Defendant shall produce all non-privileged or protected from disclosure documents responsive to this request at a mutually convenient date and time. However, Defendant did not keep or maintain Debtor's records.

19

38.

To the extent not otherwise produced in response to any of the preceding Requests, produce

all Documents upon which You intend to rely to contest the Complaint or support the Answer to

the Complaint, including, but not limited to, any Document that will be offered into evidence at a

hearing or trial on this Adversary Proceeding.

**RESPONSE:** Defendant has not identified any such documents yet.

Respectfully submitted,

**McBRYAN, LLC**

Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-2, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
Fax (678) 498-2709
lmcbryan@mcbryanlaw.com
*Attorney for Defendant*

20

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| _____Debtor_____ | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA LLC, DEBTOR, | : | |
| Plaintiff, | : | |
| V. | : | |
| PETER DOMINIC ANZO, CHRISTINE ANZO, PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : | Adversary Proceeding No. |
| Defendants | : | |

## **VERIFICATION**

Personally, appeared before the undersigned Notary Public duly authorized to administer oaths, came Christine Anzo who deposes and states that he has reviewed the foregoing *Responses and Objections Of Defendant Christine Anzo To Plaintiff's First Continuing Interrogatories* and that, to the best of her knowledge, the information contained therein is true and correct.

_____
Christine Anzo

Sworn to and subscribed before me
this 14th day of February 2019.

_____
Notary Public
My Commission Expires: 1/9/20

21

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| _____Debtor_____ | : | |
| | : | |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR LAPRADE'S MARINA | : | |
| LLC, DEBTOR, | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | Adversary Proceeding No. 18-02004-jrs |
| PETER DOMINIC ANZO, | : | |
| CHRISTINE ANZO, PERFORMANCE | : | |
| CONSULTING PARTNERS, LLC, and | : | |
| JOHN DOES 1 – 10, | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE OF DISCOVERY RESPONSES

I hereby certify that I have served the foregoing **RESPONSES AND OBJECTIONS OF DEFENDANT CHRISTINE ANZO TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** by First Class Mail to the following:

Henry F. Sewell, Jr.
3343 Peachtree Road, NE
Suite 200
Atlanta, GA 30326

Peter Dominic Anzo
102 Bristol Lane
Clayton, GA 30525

This is the 25th day of February 2019.

Louis G. McBryan, Georgia Bar No. 480993
lmcbryan@mcbryanlaw.com
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Tel (678) 733-9322
Fax (678) 498-2709
**Attorney for Christine Anzo**

22

Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| _____Debtor._____ | : | |
| | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA, LLC, DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | Adv. Pro. No. 18-02004-JRS |
| | : | |
| PETER DOMINIC ANZO, CHRISTINE ANZO, PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : | |
| | : | |
| _____Defendants._____ | : | |

## AFFIDAVIT OF HENRY F. SEWELL, JR.

COMES NOW, HENRY F. SEWELL, JR., who, before the undersigned officer duly authorized to administer oaths, deposes and states as follows:

1.    I am an attorney duly admitted to practice in the State of Georgia and in this Court.

2.    I serve as lead counsel for the Plaintiff in the above captioned case. This Affidavit is filed in support of the Plaintiff's *Motion by Trustee for an Order Compelling Production of Discovery to Plaintiff and Extending Term of Discovery* (the "Motion to Compel"). This affidavit is submitted pursuant to Fed. R. Civ. P. 37 and BLR 7037-1.

3.    Over the past several weeks I have communicated with Mr. Lou McBryan, counsel for Defendant Christine Anzo, regarding his client's long overdue responses to Trustee's Interrogatories and Document Requests (the "Discovery") which are attached as Exhibit "A" to the Motion to Compel. After several requests, Defendant Christine Anzo served her written responses to the Discovery on February 25, 2019.

4.     On February 28, 2019, I contacted Mr. McBryan to discuss the responses and the

production of documents.  He advised me that although his client said she was sending documents,

she had not done so.  Do to the late production, I requested that his client consent to an extension

of the discovery period, which currently expires on March 15,  in order to provide the Trustee with

sufficient time to review the documents, address the objections and prepare for a deposition of

Defendant Christine Anzo.   Mr. McBryan stated to me that he had been specifically advised by

his client that he had no authority to request to an extension of the discovery period, even taking

into account the late response.

5.     As of the filing of this Affidavit, I have not received a single document from Ms.

Anzo.

FURTHER AFFIANT SAYETH NOT

Henry F. Sewell, Jr.
Ga. Bar ID No. 636265
Law Offices of Henry F. Sewell, Jr. LLC
Suite 555
2964 Peachtree Road, NW
Atlanta, Georgia 30305
hsewell@sewellfirm.com
Attorneys for S. Gregory Hays, Trustee.

Sworn to and subscribed before me this 4th day of March, 2019.

Notary Public

[SEAL]